## Figures v. Levitan

*Allen L. Feingold,* for plaintiffs.
*Edward R. Murphy,* for defendant.

ROSENBERG, S. H., *J.,* May 12, 1976—This matter arises out of an action in trespass filed by then minor plaintiffs[1], on August 3, 1970, for recovery of damages resulting from an automobile accident. The case proceeded to arbitration on November 19, 1971, and, after a hearing, a judgment was entered in the dockets as follows:

"Dec. 23, 71 Judgment in favor of the Plaintiffs, Mark Edelson, a minor by his parents and natural guardians, Larry and Esther Edelson, and Larry and Esther Edelson, in their own right. Marvin Rosen, Gary Klassman a minor by his parents and natural guardians, Ben Klassman and Lillian Klassman and Ben Klassman and Lillian Klassman in their own right against William H. Figures, in the following amounts. Larry Edelson and Esther Edelson, parents and natural guardian of Mark Edelson, a minor, in the sum of Eleven Hundred fifty ($1150.00) Dollars. Larry Edelson and Esther Edelson in their own right Three Hundred Eighty-Six ($386.00) Dollars. Marvin Rosen, Sixteen Hundred ($1600.) Dollars. Ben Klassman and Lillian Klassman, parents and natural guardians of Gary Klassman, a minor, One Thousand ($1,000.) Dollars. Ben Klassman and Lillian Klassman, in their own right Two Hundred Twenty-Five

---

1. All have since attained majority.

("$225.00) Dollars. Report and Award of Arbitrators in the within matter was filed November 19th, 1971 at 3:30 PM."

According to the above docket entries, the report and award of the arbitrators was entered by the prothonotary December 23, 1971. An examination of the subsequent entries reveals that no appeal was taken. The case came before us for disposition of additional defendant William Figures' petition to have the judgment satisfied.

In his petition, Figures' counsel avers that the judgments have been paid in full, via contributions by both defendants, Charles Levitan and petitioner, Figures. Attached to the petition were copies of releases executed by then minor plaintiffs and their guardians in favor of defendant, Levitan, and a receipt for three drafts from Figures' counsel, representing the difference between the amount of the judgment and the amount paid by Levitan. This receipt apparently was signed by an agent of respondent's counsel over his name.

In his answer to the petition, respondents' counsel argues that the "settlements" were not binding on the then minor plaintiffs because no minor's compromise had been filed with and approved by the court, and the "settlements" are thus null and void. Counsel also argues that Figures, a joint tortfeasor, is obligated to pay "at least one-half of the verdicts to the plaintiffs."

"Every award so entered [by an arbitration panel] shall have the effect of a judgment . . . from the time of the entry thereof . . . until reversed upon appeal, or satisfied according to law." Act of June 16, 1836, P.L. 715, 5 P.S. §54. Thus, the judgment in the instant case represented the equivalent of a verdict or judgment entered by a court, and did not

constitute a "settlement" of the respondents' claims.

As stated above, our examination of the record before us revealed that no appeal had been taken by any of the respondents in accordance with 5 P.S. §71-IV, which provides that an appeal from an award of arbitrators "shall be entered, and the costs paid, and recognizance filed, within twenty days after the day of entry of the award of the arbitrators on the docket."

An award of arbitrators unappealed from constitutes a final judgment, and respondents are estopped from proceeding further on the same cause of action. See Leflar v. Gleba, 76 Montg. 613 (1962); Reddinger v. Schran, 64 Pitts. L.J. 548 (1916).

Therefore, respondents, having failed to file a timely appeal, are precluded from proceeding further on the case; nor can they now attack the validity of the judgment.

Furthermore, the assertion that the judgment is null and void because no minor's compromise was filed or approved is without merit. Pa.R.C.P. 2039(c) provided, in part: "(c) When a judgment has been entered in favor of a minor plaintiff and no petition has been filed under the provisions of clause (b) of this rule [pertaining to judgments], the amount of the judgment or any part thereof shall be paid only to a guardian of the estate of the minor qualified to receive the fund."

The intent of this rule is stated in footnote 2039(c): "Subdivisions (a) and (b) of this rule protect a minor party by requiring the approval of the court for any discontinuance, settlement or compromise of any agreement as to counsel fees which is part of a compromise, settlement or judgment.

*They do not protect the minor in cases where a judgment is obtained but no request for approval of counsel fees or expenses is made.* This latter situation is covered in subdivision c. [supra]." (Emphasis added.)

Nothing in the above-quoted language prevents the satisfaction of a judgment by a defendant simply because no minor's compromise was filed. Indeed, compliance with these provisions was a matter properly for respondents' counsel, and he cannot now raise his own noncompliance with Rule 2039 as a bar to defendant's petition.

However, even if this argument were meritorious, respondents would, nevertheless, be precluded from now raising this issue, because no appeal was taken from the award of the arbitrators within the time prescribed.

Respondents' second argument that Figures was obligated to pay "at least one half of the verdict to plaintiffs" is contrary to the Uniform Contribution Among Tortfeasors Act of July 19, 1951, P.L. 1130, 12 P.S. §2085, which states:

"A release by the injured person of one joint tortfeasor, whether before or after judgment, does not discharge the other tortfeasors unless the release so provides, but reduces the claim against the other tortfeasors in the amount of the consideration paid for the release or in any amount or proportion by which the release provides that the total claim shall be reduced if greater than the consideration paid."

Also, in 9 Uniform Laws Annotated (1957 Ed.), the Commissioners' note to section 4 paraphrases the above language:

"A release of one tortfeasor will benefit the others by reducing the claim against them in the amount of the consideration paid therefor, or in the amount of proportion by which the release provides that the total claim shall be reduced, whichever is larger."

For the foregoing reasons, we granted additional defendant's petition to mark the judgment in this case satisfied, and dismissed plaintiffs' petition for reconsideration.